**STATE of Missouri, Respondent,**

v.

**Fred Alfred YEARWOOD, Appellant.**

No. 9525.

Missouri Court of Appeals,
Springfield District.

May 13, 1974.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

William J. Fleischaker, Public Defender, Joplin, for appellant.

TITUS, Judge.

Defendant, tried under the habitual criminal statute (§ 556.280 RSMo 1969, V.A.M.S.), was found guilty by a jury of burglary and stealing. § 560.110. The trial court imposed consecutive sentences of ten years for burglary (§ 560.095) and five years for stealing. § 560.110, subd. 1. In his appeal defendant's sole contention here is that he "should be granted a new trial for the reason that the evidence produced in trial showed a material variance from the description of the allegedly burglarized premises set forth in the information: I. There is an impermissible variance in the description of the property in the case. II. The variance in this case is a material variance."

As a start, defendant has not saved anything for appellate review. *First:* Prior to submission of the cause to the jury, defendant did not in any manner advise the court nisi of the contentions now advanced. This omission denied that tribunal an opportunity to determine whether an amendment of the information was permissible and necessary to eradicate any variance, if so, between the pleading and proof. Under Rule 24.02, V.A.M.R., this was, in the initial instance, a matter for decision by the trial court. Sans some action by defendant before submission which would grant the trial judge an occasion to pass upon the question of variance, the present assignment was not properly preserved for appellate consideration. State v. Mathews, 328 S.W.2d 642, 645 [4] (Mo.1959). *Second:* In absolute disregard of the mandate of Rule 84.04(d), applicable in criminal cases per Rule 28.18 [State v. Vineyard, 497 S.W.2d 821, 825 (Mo.App.1973)], defendant's points relied on do not undertake to inform us "wherein" there was an alleged variance between the' information's averments and the evidence, or "why" the variance (whatever it might be) was impermissible, material or prejudicial. Appellant's points relied on should precisely isolate the issues and facts relative thereto [State v. Dennison, 428 S.W.2d 573, 579 [8] (Mo.1968)] because no duty rests upon an appellate court to search the transcript and argument portion of the brief to discover the meaning of points presented in conclusionary and abstract fashion. State v. Freeman, 489 S.W.2d 749, 752 [2] (Mo.App.1973). Thus at this juncture, the appeal should be summarily dispatched. Nevertheless, and in excess of our duty, we have gone to the transcript and defendant's argument in an effort to learn what was intended by the deficient points.

Inter alia, the information charged that defendant did "burglariously forcibly break·

and enter a certain dwelling house located at 912 Sergeant, Joplin, Jasper County, Missouri, the property of one Earl Whitehead." The evidence disclosed that Whitehead did not own the property but was a tenant on the property and, together with his family, occupied one of the four unnumbered apartments into which the building situate at 912 Sergeant had been divided. Defendant's argument takes this track: The information designated the place of the burglary to be "the property of one Earl Whitehead," whereas the proof was that Whitehead was not the owner of the dwelling but merely the tenant-occupant of one of the four unnumbered apartments located in the single building at the numbered premises. Moreover, argues defendant, since the information does not more particularly describe the apartment where the burglary occurred, defendant is not protected from a second prosecution for the same offense.

The majority rule, followed in Missouri, requires that an indictment or information for burglary, whether under a statute or at common law, must allege the ownership of the building or dwelling entered. State v. Ford, 403 S.W.2d 611, 612 (Mo.1966). However, ownership in a burglary case does not mean the title but the occupancy [State v. Harrison, 285 S.W. 83, 87 [14] (Mo.1926)] and where an information averred the burglarized building was " 'the property of Joe Cunningham' " and the evidence was that he was but a tenant of the owner, it was held that this was sufficient to sustain the allegation of ownership of the building in Cunningham. State v. Stuver, 360 S.W.2d 89, 91 (Mo.1962). And in State v. Watson, 383 S.W.2d 753, 756 [5] (Mo.1964), the information charged that defendant did " 'burglariously break into and enter a certain building, to-wit: the store room of one Walter Weinberg;)' " the evidence showed Weinberg's grocery was located in the same building with a drugstore. The court stated it was immaterial "that the drugstore and the grocery store were located in the same building since the occupancy or possession of the stores was in different persons and such occupancy or possession of the grocery store by Weinberg was sufficient to support that part of the charge of burglary with reference to the ownership of that store. State v. Jeffords, supra, 64 S.W.2d 241, 242 [4, 5]; State v. Peterson, Mo., 305 S.W.2d 695, 697 [5, 6]." Although more than one apartment was located within the building in question, the words "the property of one Earl Whitehead" are words of ownership, and together with the alleged location "at 912 Sergeant, Joplin, Jasper County, Missouri," are sufficient to support and identify the occupation or possession of that particular portion of the burglarized structure and to protect defendant from a second prosecution for the same offense. Stanfield v. State, 442 S.W.2d 521, 522 [1] (Mo.1969). We detect no variance of which defendant complains.

As required of us by Rules 28.02 and 28.08, we have examined matters for which no assignment is required. The foregoing cited authorities attest that the information is in proper form and sufficient. The defendant stood trial upon his plea of not guilty, the jury's verdict was properly structured and responsive to the issues, the punishment assessed by the trial court was in accordance with the law and within the range provided by statute, defendant was accorded allocution, and the judgment entered was proper. No error appearing, the judgment is affirmed.

HOGAN, C. J., and STONE and BILLINGS, JJ., concur.