**STATE of Missouri, Respondent,**

v.

**Frederick Joseph DAVIS, Appellant.**

**No. 35398.**

Missouri Court of Appeals, St. Louis District,

Division No. One.

Dec. 3, 1974.

John C. Danforth, Atty. Gen., Preston Dean, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., David P. McDonald, Asst. Circuit Atty., St. Louis, for respondent.

Daniel P. Reardon, Jr., St. Louis, for appellant.

CLEMENS, Judge.

Defendant was charged with shooting two brothers, Henry and Sam Gipson. A jury found him guilty of the first-degree murder of Henry Gipson and guilty of malicious assault with intent to kill Sam Gipson. The court imposed punishment of two

concurrent life sentences, and defendant appeals. We affirm.

The State's case: On the evening of March 11, 1973 Henry and Sam Gipson were in a restaurant/lounge in St. Louis. The defendant walked in, accosted Henry Gipson and shot him three times. Henry later died. When Sam Gipson intervened, defendant shot Sam twice. Sam continued to grapple with the defendant and struck his face, but Sam's strength soon failed. The defendant fled.

Two customers described defendant to police and later identified him in a lineup and in court. Sam Gipson also identified defendant as the assailant. Defendant interposed an alibi defense and attributed his bruised face to an assault suffered the night of the crime but some distance away.

On appeal, defendant contends the court erred in (1) admitting in-court identification testimony based upon assertedly improper line-up procedures, (2) admitting a witness' rebuttal testimony and (3) denying defendant's motion for new trial on the ground the verdict was against the weight of the evidence.

■ We may not review the issue of admissibility of identification testimony. At the trial's start, defense counsel moved to suppress line-up identification testimony, but withdrew the motion before the court could rule. He did not object to the testimony during trial and did not raise the issue in his motion for a new trial. The issue has not been preserved for review. State v. Jackson, 500 S.W.2d 306 [15, 16] (Mo.App. 1973); State v. Obie, 501 S.W.2d 513 [3] (Mo.App.1973).

■ The second issue, admissibility of a witness' rebuttal testimony, was not briefed in accordance with Supreme Court Rule 84.-04(d), V.A.M.R., made applicable here by Criminal Rule 28.18. The rule declares ". . . points relied on shall state . . what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." Defendant's point relied on merely asserts error in admitting rebuttal testimony, without explanation; it is an abstract statement not in compliance with the Rule and not reviewable on appeal. Griffith v. State, 504 S.W.2d 324 [3] (Mo.App.1974).

■■ Defendant's final point relied on is that the court erred in denying his motion for new trial on the ground the verdict was against the weight of the evidence. Appellate courts assess neither witness' credibility nor the weight a jury should accord defense testimony. State v. Wright, 476 S.W.2d 581 [4] (Mo.1972). However, appellate courts may determine whether evidence is sufficient to support a verdict, and in so doing the court indulges all reasonable inferences favorable to the State. State v. Summers, 506 S.W.2d 67 [1, 2] (Mo.App. 1974). In this case, State's witnesses positively identified defendant as the Gipsons' assailant. The in-court identifications had independent bases. The jury chose to believe the State, not defendant. The evidence supports the guilty verdict.

The judgment is affirmed.

DOWD, C. J., and WEIER and RENDLEN, JJ., concur.