**In the Matter of SEARCH WARRANT OF PROPERTY AT 3552 GRAVOIS.**

**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**EROS THEATRE CORPORATION, Defendant-Appellant.**

Nos. 36082, 36256.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 8, 1975.

Rehearing Denied Sept. 8, 1975.

Application to Transfer Denied
Nov. 10, 1975.

Murry A. Marks, Clayton, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., Dennis Day, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

**PER CURIAM.**

Defendant Eros Theatre Corporation appeals from denial of its amended motion to quash search warrant, suppress evidence and return seized property (No. 36,082), and from its conviction of exhibiting lewd films under § 563.280, RSMo 1969 (No. 36,256). After a jury waived trial, the defendant corporation was found guilty and fined $1,000. The two cases, joined below by motion of the court, remain consolidated here. For reasons hereinafter set forth, we find it necessary to dismiss the appeal.

■ Defendant, in the points and authorities section of its brief, has failed to comply with Rule 84.04(d)[1] requiring ". . . points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder . . . Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule." This rule is made applicable here by Criminal Rule 28.-18. The two points contained in defendant's brief are as follows: "I. The Court erred in overruling appellant's motion to quash the search warrant and erred in failing to suppress the evidence seized pursuant to said warrant", and "II. The Court erred in (A) overruling appellant's motion to quash; (B) erred in failing to sustain appellant's motion for judgment of acquittal; and (C) erred in overruling appellant's motion to dismiss." These assignments of error are mere abstract statements and do not meet minimum requirements of the rule. They fail to state "wherein and why" the rulings of the trial court are claimed to be erroneous. "The points and authorities in an appellate brief have the definite purpose of isolating and formulating the precise issue to be reviewed and that function, if observed at all, should not be relegated to the written argument." *State v. Dennison,*

1. All references are to VAMR.

428 S.W.2d 573, 579[8] (Mo.1968). The appellate court has "no duty to seine the argument portion of an appellant's brief or the transcript on appeal to ascertain the whereins and whys of claimed errors presented in the points relied on as mere conclusions . . ." *Griffith v. State*, 504 S.W.2d 324, 327[3] (Mo.App.1974). See also *State v. Yearwood*, 510 S.W.2d 43, 44[2] (Mo.App.1974). We therefore hold that appellant's brief preserves nothing for appellate review. *State v. Connor*, 391 S.W.2d 335, 337[3] (Mo.1965); *State v. Davis*, 516 S.W.2d 784, 785[2] (Mo.App.1974); *State v. Robbins*, 455 S.W.2d 24, 25–26[1] (Mo.App. 1970).

We further note that appellant's brief was filed out of time. Counsel sought and obtained two extensions under Rule 31.02 totaling 72 days beyond the sixty-day filing period provided by Rule 84.05(a). One day following expiration of the last extension appellant's brief was submitted.

Finally, appellant's brief failed to include a jurisdictional statement as required by Rule 84.04(a). The fact that a statement of jurisdiction appears in his notice of appeal does not satisfy the mandate of the rule. By failing to comply with the Missouri Rules of Criminal Procedure, appellant subjects itself to the sanctions of Rule 84.08.[2]

Appeal dismissed.

All the Judges concur.

---

**2.** Rule 84.08. "If an appellant in any civil case fails to comply with rules numbered 81.14, 81.18, 84.04, 84.05, 84.06 or 84.07, the court may dismiss the appeal at any time . . . ."