531 S.W.2d 554 (1975)
STATE of Missouri, Respondent,
v.
James Forrest HALLIBURTON, Appellant.
No. 9940.
Missouri Court of Appeals, Springfield District.
December 24, 1975.
*555 John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.
Michael Baker, Springfield, for appellant.
TITUS, Judge.
With jury waived, the court convicted defendant of selling marihuana as charged in a two-count indictment and sentenced him to five years' imprisonment on each count with the sentences to run concurrently.
The first point in defendant's brief, i. e., "The grand jury indictment was so vague and indefinite that it did not afford the defendant with adequate information to prepare a defense," is wholly inadequate to preserve anything for appellate review. Contrary to Rule 84.04(d),[1] applicable in criminal cases per Rule 28.18 [State v. Warren, 469 S.W.2d 662, 663 (Mo.App.1971)], the point does not advise wherein and why defendant claims the indictment was vague and indefinite. State v. Tartenaar, 371 S.W.2d 192, 194[1] (Mo.1963). Nonetheless, Rule 28.02 requires us to determine the sufficiency of the indictment albeit the point is not properly preserved in the brief. State v. White, 431 S.W.2d 182, 186[4] (Mo. 1968).
By "a plain, concise and definite written statement of the essential facts constituting the offense charged" (Rule 24.01), each count of the indictment charged that defendant "on or about the 7th day of July, 1973, A.D., in the said County of Greene and State of Missouri did then and there wilfully, unlawfully and feloniously sell a controlled substance, to-wit: Marihuana to [Count I] D. W. Lipp [and Count II] Bill McConnell . . .." §§ 195.020 and 195.017-2(4)(j). Defendant, by the language of the indictment, was advised of the constituent facts necessary to acquaint him with the particular charges. Both counts followed the language of the statute and were sufficient. State v. Stavricos, 506 S.W.2d 51, 55[2] (Mo.App.1974).
As a pure gratuity, because we are not required to resort to the argument portion of the brief to ascertain the whereins and *556 whys of abstract points [State v. Dennison, 428 S.W.2d 573, 579[8] (Mo.1968)], the kernel of defendant's argument is that the indictment was vague and indefinite because it "does not mention where or the time of the alleged sale." Alleging the place of the crime as "in the [said] County of Greene and State of Missouri" has always been held sufficient [Tucker v. State, 481 S.W.2d 10, 14[3] (Mo.1972)], and it was not required that the indictment specify the hour of the sales. United States v. Crockett, 421 F.2d 649, 650[1] (8th Cir. 1970).
Points II and III in defendant's brief claim trial court error in not excluding and striking the identification testimony of Bill McConnell and in considering like testimony of D. W. Lipp. The court sustained defendant's "Motion for Pretrial Lineup Identification." Such a lineup was conducted by the court. McConnell and Lipp (the alleged buyers of the marihuana) viewed the lineup separately, identified defendant, and testified under oath concerning the basis for their identifications. At the conclusion of this proceeding defendant's counsel moved, ore tenus, for suppression of McConnell's identification testimony. Neither then nor at any other time did counsel move for suppression of like testimony by Lipp. When the case proceeded to trial, McConnell and Lipp testified without a single objection by defendant as to their identification of defendant as the seller of the controlled substance and were extensively cross-examined by defense counsel on the subject. Under the circumstances the question of the propriety of the identification testimony is not before us. The utter dearth of objections to this evidence abolished all hope of preservation of the question for appellate review. State v. Brownridge, 459 S.W.2d 317, 320[8] (Mo.1970); State v. Ward, 518 S.W.2d 333, 334[3] (Mo. App.1975).
Defendant's last two points on appeal are that the court erred in overruling his motion for judgment of acquittal and his motion for judgment of acquittal n. o. v. because "the evidence presented by the State was confusing and conflicting so as to cause the State to fail in its burden of proof," and because "there was not sufficient, clear, competent, and convincing evidence that Defendant-Appellant was the person who committed the crime and the Court's verdict went against the weight of the evidence." Neither of these points present anything for consideration on appeal for several reasons. No citation of authority appears as to Point IV as required by Rule 84.04(d); the only authority cited to Point V is 22 C.J.S. Criminal Law § 401(4) and its applicability to the point wholly escapes us. Points presented naked of any citation of authority or which are devoid of applicable citations, are deemed to have been waived or abandoned. State v. Drake, 514 S.W.2d 653, 657[9] (Mo.App. 1974); Adams v. White, 488 S.W.2d 289, 294[12] (Mo.App.1972). Moreover, in further contravention of Rule 84.04(d), the points do not tell wherein and why the evidence was confusing and conflicting, or wherein and why the state failed in its burden of proof, or wherein and why there was not sufficient, competent and convincing evidence, or wherein and why the verdict went against the weight of the evidence. State v. Watson, 511 S.W.2d 890, 893[5] (Mo.App.1974). Also, a point merely stating that the verdict went against the weight of the evidence preserves nothing for review. State v. Koen, 468 S.W.2d 625, 629[3] (Mo.1971).
While the points presented have not preserved anything for appellate review, we are, nevertheless, required to examine the transcript on appeal in the areas covered by Rule 28.02 and to determine whether plain error may have accrued affecting substantial rights resulting in manifest injustice or miscarriage of justice. Rule 27.20(c). We *557 have examined the indictment, supra, and have not found it wanting. We have conned the transcript as attested by foregoing remarks and find no miscarriage of justice and that no plain error was committed. The verdict, judgment and sentence were proper.
The judgment is affirmed.
All concur.
NOTES
[1] References to rules and statutes are to Missouri Supreme Court Rules of Criminal and Civil Procedure, V.A.M.R., and to RSMo 1969, V.A.M.S.