STATE of Missouri, Plaintiff-Respondent,

v.

David McCLAIN, Defendant-Appellant.

No. 10226.

Missouri Court of Appeals,
Springfield District.

Sept. 8, 1976.

John C. Danforth, Atty. Gen., Nanette Laughrey, Preston Dean, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Robert W. Evenson, Pineville, for defendant-appellant.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

A jury found defendant guilty of molesting a minor with immoral intent and assessed his punishment at five years' confinement. § 563.160.[1] Defendant was represented at trial by counsel of his own choice. On this appeal, permitted by our special order under Rule 28.07, defendant is represented by different counsel of his selection.

■ Regarding matters for compulsory review under Rule 28.02, we find the information, verdict, judgment and sentence sufficient. Defendant did not file a motion for a new trial. This precludes us from considering matters required to be preserved in such a motion. Rules 27.20(a) and 28.02;

---

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules of Criminal and Civil Procedure, V.A. M.R.

*State v. Morris,* 518 S.W.2d 78 (Mo.App. 1974). Nevertheless, defendant asseverates the alleged errors enumerated among the points relied on in his brief should be considered on appeal as "[p]lain errors affecting substantial rights." Rule 27.20(c); *State v. Gordon,* 536 S.W.2d 811, 814[5] (Mo.App.1976). We shall see.

But before proceeding to the points relied on, what of our jurisdiction of this appeal? The notice of appeal [Rule 81.08(a) and (b)] recites, inter alia, "This appeal does not involve a construction of the Constitution of the United States or the Constitution of the state of Missouri. The Missouri Court of Appeals has jurisdiction in this case." To the contrary, the jurisdictional statement in defendant's brief declares: "This court has no jurisdiction herein because . . . this appeal does involve a construction of the Constitution of the United States and the Constitution of the State of Missouri. . . . Therefore, jurisdiction of this appeal is vested in the Missouri Supreme Court." This is the only allusion by defendant in his brief to jurisdiction.

◼ The mandatory requirements of Rule 84.04 are made applicable to criminal cases by Rule 28.18 [*State v. Yearwood,* 510 S.W.2d 43, 44 (Mo.App.1974)], and Rule 84.-04(b) states: "Bare recitals [in briefs under Jurisdictional Statement] that jurisdiction [of the Supreme Court] is invoked 'on the ground that the construction of the Constitution of the United States or of this state is involved' or similar statements or conclusions are insufficient as jurisdictional statements." Also see Rule 81.08(c). Because art. V, § 3 of the Missouri Constitution vests the Supreme Court with appellate jurisdiction only in those cases involving *construction* of the constitutions of the United States and this state, as opposed to *application,* the bare assertion that a constitutional question or construction is involved, without demonstrating why it is so or is real or substantial, does not divest the Court of Appeals of appellate jurisdiction. *State v. Russo,* 463 S.W.2d 832, 834 (Mo.1971); *Forbis v. Associated Wholesale Grocers, Inc.,* 513 S.W.2d 760, 767[8] (Mo.App.1974).

Moreover, the Supreme Court will entertain appeals on constitutional questions only if such questions were presented to the trial court. *Collector of Revenue v. Parcels of Land, etc.,* 517 S.W.2d 49, 55[11] (Mo.1974). No such questions were presented to the trial court in this case. Furthermore, it is not the duty or function of the Supreme Court or of this court to contrive a constitutional defense for an appellant. *State v. Cook,* 463 S.W.2d 863, 865[3] (Mo.1971). We conclude we have jurisdiction.

Defendant's brief presents three points. The last two are: "2. The trial court erred in that it failed to properly swear or affirm the child witness, S... P..., and take her testimony as any other witness. 3. The trial court abused its discretion in ruling that the child witness, S... P..., was a competent witness, after limited voir dire."

◼ As provided by Rule 84.04(d), "The points relied on *shall* state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why they are claimed to be erroneous.*" (Our emphasis). As repeatedly held, this rule is not satisfied by simply stating what the alleged error is claimed to be; the rule mandates that the point must also state "wherein and why" the action or ruling of the trial court is claimed to be erroneous. *Matter of Search Warrant of Property at 3552 Gravois,* 528 S.W.2d 452, 453[1] (Mo. App.1975); *State v. Purvis,* 525 S.W.2d 590, 592–593[1] (Mo.App.1975). No duty reposes upon an appellate court to resort to the argument portion of a brief to ascertain "wherein and why" the action or ruling of the trial court is said to be erroneous [*State v. Mitchell,* 500 S.W.2d 320, 323[3] (Mo.App. 1973)], and a defendant's point which cannot be comprehended without reference to the argument results in nothing being preserved for review on appeal. *State v. Drake,* 514 S.W.2d 653, 655[2] (Mo.App. 1974).

◼ Apropos point 2, what the trial court did or did not do so as to make the swearing of the witness allegedly improper cannot be discerned from the point as written, and

"wherein and why" whatever the court did or omitted to do to constitute claimed error is wholly unexplained. The phrase "and take her testimony as any other witness," appears to have no logical or relevant connection with the point unless it be interpolated into a complaint that the court erred in taking the testimony as any other witness when the witness had not been properly sworn. Even so, such an interpolation still begs for a recounting of the court's action or inaction and an explanation as to "wherein and why" it was wrong. Point 3 states "what" the error was supposed to be. However, "wherein and why" the trial court allegedly abused its discretion in ruling the child to be a competent witness is left for us to guess. Points 2 and 3 are written in violation of Rule 84.04(d) and present nothing for review by this court.

■ Another reason points 2 and 3 are not reviewable here, is that defendant did not voice a single objection to the procedure employed by the trial court in determining the competency vel non of the witness, to the court's ruling that the child was a competent witness, to the procedure followed by the trial judge in swearing the witness, or to the testimony of the witness. When a defendant at trial does not object to the procedure followed, to the ruling of the court or to the testimony of a witness, and does not present those matters as claimed error to the trial court in a motion for a new trial, such alleged errors are not preserved for appellate review and are not resurrected for consideration when proffered for the first time via an appellant's brief. *State v. Gant*, 490 S.W.2d 46, 49[8] (Mo.1973); *State v. Gannaway*, 313 S.W.2d 653, 656–657[10] (Mo.1958); *State v. Obie*, 501 S.W.2d 513, 514[3] (Mo.App.1973).

■ Although we have ruled that points 2 and 3 present *nothing for review* by this court and that the issues involved therein were not preserved for appellate adjudication, what of defendant's claim of plain error? It suffices to say that we find no error, plain or otherwise. At a pretrial in-camera hearing attended by the judge, prosecutor, defendant's counsel, the court reporter and the child, the 6 or 7-year-old witness was interrogated to determine if she was competent to testify. The child acknowledged that she did not "know what it means to take an oath," but this did not per se make her an incompetent witness. *State v. Ayers*, 470 S.W.2d 534, 537[4] (Mo. banc 1971). "The test of competency of a child of tender years involves four fundamental elements, all of which should be present in order for such child to be competent to testify, viz.: (1) 'Present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly to translate into words the memory of such observation.'" *Burnam v. Chicago Great Western R. Co.*, 340 Mo. 25, 34–35, 100 S.W.2d 858, 862[2] (1936). In answer to questioning, the girl said she knew what it was to tell the truth and knew "what happens to little girls if you don't tell the truth," i. e., they go "Down . . . the Devil's down there." She corrected the trial judge for calling the Bible "a book," identified the accused by name, accurately described (as later corroborated by adult witnesses) where the alleged crime had been committed and what had occurred, correctly said it had occurred after school in the home of her natural mother, and that she was presently living with foster parents. We acknowledge that the child's natural mother testified at trial that her daughter was "retarded" and "you can't believe what she tells you." However, these assertions were considerably weakened by the mother's admission that she was still "friendly" with the defendant and her expressed umbrage over the action of the juvenile authorities in taking the child from her after the incident in question. The court had ample opportunity to observe the child and to conclude that she possessed the four fundamental elements necessary to qualify her as a witness. We are unable to say that the trial court abused its discretion

in holding the witness qualified to testify. *State v. Young,* 477 S.W.2d 114, 116–117[3–5] (Mo.1972); *State v. Starks,* 472 S.W.2d 407 (Mo.1971); *State v. Sanders,* 533 S.W.2d 632 (Mo.App.1976).

■ There is no special litany required in administering an oath. "Whenever the court . . . by whom any person is about to be sworn shall be satisfied that such person has any peculiar mode of swearing connected with or in addition to the usual form of administering oaths, which is to him of more solemn and binding obligation, the court . . . shall adopt that mode which shall appear to be most binding on the conscience of the person to be sworn.", § 492.040. Also, "In all cases in which an oath or affirmation is required or authorized by law, every person swearing, affirming or declaring, in whatever form, shall be deemed to have been lawfully sworn . . . ." § 492.060. "The sanction of an oath, regarded as a feature of judicial procedure, is its quickening of the conscience of the affiant, and the liability it creates to the penalty of perjury, if the testimony is willfully false. This penalty attaches whatever be the form in which the oath is administered." *State v. Bennett,* 102 Mo. 356, 373, 14 S.W. 865, 869 (1890).

■ Before the child-witness testified at trial, the following occurred: "THE COURT: Would you raise your right hand. MR. ELLISTON: The other hand. THE COURT: These gentlemen are going to ask you some questions. Are you going to tell them the truth? THE WITNESS: Yes. (Nod). THE COURT: Will you promise me you will tell them the truth? THE WITNESS: Yes. (Nod)." We harbor little doubt that intoning the usual oath to a child of tender years would more likely lead to incomprehensible bewilderment than to a quickening of the conscience. The words, "You do solemnly swear" etc., might suggest to a youngster swearing of a different sort than intended, whereas having the child promise to tell the truth would be understandable and a mode of swearing which would be more apt to bind him to speak the truth. We cannot hold that the manner employed in swearing the child-witness in this case was error, especially in view of the wide discretion so clearly vested in the trial court by § 492.040, supra, and the pronouncement of § 492.060, supra, that a person shall be deemed to have been lawfully sworn whatever the form the oath shall take. *State v. Ponteras,* 44 Haw. 71, 351 P.2d 1097, 1100[3, 4] (1960); *State v. Collier,* 23 Wash.2d 678, 162 P.2d 267, 275–276[10] (1945).

Defendant's initial point relied on, which we consider last, is: "The trial court erred because it did not, on its own motion, grant a new trial on the ground that the defendant was denied the effective assistance of counsel, in that trial defense counsel's representation resulted in defendant's trial being a mockery of justice in the following particulars: . . . ." Thereafter follows 12 instances where defendant asseverates his trial counsel failed to perform effectively in his defense. In summary, the alleged instances complained of by defendant are counsel's failure (1) to object to invoking the rule on witnesses after the state's opening statement, (2) to object to the competency of the child-witness, (3) to object to the testimony of the child because she had not been properly sworn, (4) to object to a witness who characterized the child as "the victim" and "victim of rape," (5) to object to the prosecutor's similar characterizations, (6) to request an alibi instruction, (7) to request an instruction limiting the extent the jury could consider testimony concerning homosexual activity between defendant and an alibi witness, (8) to call a witness who allegedly said he had committed the crime, (9) to file a motion for a new trial, (10) to advise defendant of his right to make application for extension of time to file motion for a new trial, (11) to advise defendant of need for a new trial motion, and (12) to advise defendant of his right to appeal.

■ The issue of ineffective assistance of counsel may properly be raised on direct appeal from a judgment of conviction *provided* the record has sufficiently developed the facts essential to a meaningful

review. *State v. Phillips*, 460 S.W.2d 567, 569[3] (Mo.1970). However, where the issue is entertained on appeal, it usually relates to isolated instances and the record on them was fully developed. E. g. *State v. Bosler*, 432 S.W.2d 237, 238–239[1, 2] (Mo.1968); *State v. McQueen*, 431 S.W.2d 445, 450[6, 7] (Mo.1968). In most cases the issue of ineffective assistance of counsel can best be raised in a postconviction motion under Rule 27.26 [*State v. Day*, 515 S.W.2d 584, 585–586[6] (Mo.App.1974)] because the issue usually arises after the trial has concluded and the facts pertinent thereto are not fully developed. "An evidentiary 27.26 hearing will give defendant an opportunity to testify as to any alleged ineffective assistance of counsel and will give [trial] counsel an opportunity to give his version of what occurred. In addition, both defendant and the State will have the opportunity to offer any other pertinent evidence. We then will have before us the record on this direct appeal plus the testimony taken at the 27.26 hearing. On the basis thereof, we can review the findings and conclusions of the trial court in accordance with Rule 27.-26(j)." *State v. Blackwell*, 459 S.W.2d 268, 269[1] (Mo.banc 1970); *State v. Bibbs*, 461 S.W.2d 755, 761[9] (Mo.1970).

 In defendant's brief it is acknowledged that summarized instances (1), (8), (10) and (12) of the alleged failures listed above "were not developed in the record" and after our review of the transcript on appeal, we do not find the others were sufficiently developed so that we could confidently rule the matter. The failure to file a motion for a new trial does not alone demonstrate ineffective assistance of counsel [*White v. State*, 430 S.W.2d 144, 147[4] (Mo.1968)], particularly where, as here, the transcript shows defendant advised his attorney not to file one. In view of our ruling as to points 2 and 3, defense counsel may have been justified in not objecting to the competency or testimony of the child-witness. His failure to object in other areas noted in the point relied on may well be explained as a matter of trial strategy or judgment, which does not equate to ineffective assistance of counsel even though the strategy or judgment employed proves, by hindsight, to have been wrong. Evidence on the motive of trial counsel in failing to make certain objections or to request certain instructions is most appropriately explained and explored on postconviction proceedings under Rule 27.26. *State v. Greathouse*, 519 S.W.2d 299, 300[3] (Mo. App.1975). Whether there was, in fact, a witness whom counsel could or should have subpoenaed as a witness for defendant, is not revealed by the record before us, and the fact we permitted an out-of-time appeal under Rule 28.07, would seem to obviate defendant's complaint that trial counsel did not file a notice therefor. In short, with a record as unrevealing as the one before us concerning defendant's assertion of ineffective assistance of trial counsel, we decline to review the issue on direct appeal and leave it to be raised in a Rule 27.26 proceeding. *State v. Smothers*, 518 S.W.2d 187, 188[1] (Mo.App.1974); *State v. Hedrick*, 499 S.W.2d 583, 585–586[5–8] (Mo.App.1973).

The judgment is affirmed.

All concur.