Edwin W. RILEY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10286.

Missouri Court of Appeals,
Springfield District.

Dec. 29, 1976.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 12, 1977.

Edwin W. Riley, pro se.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Edwin W. Riley pleaded guilty in June 1971 to a charge of burglary and stealing. The Circuit Court of Wright County sentenced him to concurrent terms of ten and five years' imprisonment. He now appeals from denial, after evidentiary hearing, of his second motion filed under Rule 27.26, V.A.M.R. Counsel was appointed to represent movant in this appeal. However, he has elected to represent himself in propria persona and to submit the cause on the brief which he prepared.

The points relied on in movant's brief are that the trial court erred in not finding (I) "that the plea of guilty was involuntary; that appellant did not understandingly plead thereto, nor intelligently waive his constitutional rights"; (II) "that appellant had been misled by state's attorney . . . and defense attorney . . . into believing the charges in Texas, Christian, and Greene counties would be dismissed in return for a plea of guilty"; (III) "that appellant could not have raised the new evidence in prior 27.26 motion where counsel testified that he thought charges had been dismissed"; and (IV) "that appellant had sustained his burden of proof and that appellant had been denied effective assistance of counsel for his defense." In his final point (V), movant claims the court erred in refusing to permit him "to file criminal charges on state's attorney . . . and defense attorney . . . for collusion and perjury."

Movant has the right to appeal his own case. Nevertheless, when he elects to represent himself in propria persona, he will be held to the same standards applicable to lawyers and charged with the same knowledge of required rules and procedures as if he were a qualified member of the bar. *Hampton v. Gilmore,* 511 S.W.2d 442, 443[1] (Mo.App.1974); *Parker v. Wallace,* 473 S.W.2d 767, 773[13] (Mo.App.1971). The so-called points, supra, are written in direct violation of the mandatory requirements of Rule 84.04(d), V.A.M.R. Point I does not say "why" it was error not to find that movant's plea was involuntary or that movant had not understandingly and intelligently waived his constitutional rights, whatever rights they may be. In point II movant does not set forth "wherein" and "why" he was misled into believing charges in other counties would be dismissed, and in point III he does not state "why" he could not have raised the new evidence (whatever it was) in the first 27.26 motion. "Wherein" and "why" movant sustained his burden of proof or was denied effective assistance of counsel, as averred in point IV, or "why" the trial court erred in not permitting him to file criminal charges at the second Rule 27.26 evidentiary hearing, can only be ascertained through surmise, guess and conjecture. Points such as those penned by movant, which represent nothing more than naked conclusions and abstract statements of supposed facts or law, preserve nothing for review on appeal. *Kansas City v. Garza,* 493 S.W.2d 659 (Mo.App.1973). The points relied on should precisely isolate the issues and facts relating thereto [*State v. Dennison,* 428 S.W.2d 573, 579[8] (Mo. 1968)], for an appellate court has no duty to seek through the transcript on appeal or other sections of the brief to come by an understanding of the intendment of points presented in abstract and conclusionary fashion. *State v. Velas,* 537 S.W.2d 881,

883[3] (Mo.App.1976); *State v. Freeman*, 489 S.W.2d 749, 752[2] (Mo.App.1973). As the state suggests, the appeal should be summarily dismissed at this juncture. *State v. Yearwood*, 510 S.W.2d 43, 44 (Mo. App.1974).

 Before dismissing this appeal for failure to comply with Rule 84.04(d), we have this to say. The matters raised in points I, II and IV were included in movant's first motion and ruled against him. Successive motions are prohibited by Rule 27.26(d) where the grounds set forth in the subsequent motion were raised and ruled adversely to movant on a previous motion or where the grounds are new but could have been raised in the earlier motion. *Newman v. State*, 481 S.W.2d 3, 5 (Mo. 1972). If movant's complaint as to ineffective assistance of counsel relates to his appointed counsel in his first postconviction proceeding, we now make him aware that such a complaint does not afford a basis for a second Rule 27.26 application. *Harkins v. State*, 521 S.W.2d 9, 11[3] (Mo.App.1975). As to the matter probably intended by point III, the transcript of the proceeding conducted at the time the guilty plea was entered reveals that the prosecuting attorney advised movant and the court that the prosecutors of Texas and Christian counties indicated they would dismiss charges pending against movant "*if* Mr. Riley entered a plea of guilty [in Wright County] and received this amount of punishment which we recommend." (*Our emphasis*). Movant was likewise told the Greene County prosecutor would simply consider dismissal. The fact that the charges were actually and formally dismissed at a time later than expected by movant, did not serve to prejudice him as so found by the trial court. A postconviction motion "may be invoked only by one in custody claiming the right to have a sentence vacated, set aside or corrected." Rule 27.26(b)(1). Movant's undertaking to file criminal charges as part of a 27.26 proceeding had no relationship to such a right [cf. *Laster v. State*, 461 S.W.2d 839, 840–841[5] (Mo.1971)], and the court did not err in refusing the endeavor.

For reasons previously stated, the appeal is ordered dismissed.

All concur.