David Lee McCLAIN, a/k/a David Lee McLain, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10693.

Missouri Court of Appeals, Springfield District.

Jan. 10, 1978.

Robert W. Evenson, Pineville, for movant-appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Movant (then defendant) was convicted of molesting a minor female with immoral intent (§ 563.160)[1] and, in accordance with the jury's verdict, was sentenced to five years' imprisonment. Per our special order under Rule 28.07, movant appealed and the conviction was affirmed. *State v. McClain,* 541 S.W.2d 351 (Mo.App.1976). The present appeal is from denial, after evidentiary hearing, of movant's Rule 27.26 motion.

On this appeal and citing eight specific instances, movant's attorney asseverates that the conviction should be set aside and a new trial granted because movant was denied effective assistance of counsel at his trial on the criminal charge. "In measuring the performance of counsel against a charge of inadequate representation, there are four gauges: 1) since he is vested with broad latitude he is not to be adjudged incompetent for mere errors of judgment; 2) his ineffectiveness must constitute the proceedings a farce or mockery of justice; 3) his representation must be so woefully inadequate that it shocks the conscience; and 4) his incompetency must have deprived his client of a fair trial." *State v. Garrett,* 510 S.W.2d 203, 207[6] (Mo.App.1974).

Initially, movant says his trial counsel was ineffective because, after adducing testimony raising the defense of alibi, he failed to request the giving of either alibi instructions MAI–CR 3.20 or MAI–CR 3.22. These instructions are required to be given only if requested. MAI–CR 3.00 Series. To understand this segment of movant's point, we need some factual background.[2] The father and brother of the involved minor were called as defense witnesses at the criminal trial. Each testified that at the time of the charged offense movant was sitting between them viewing television. On cross-examination of the brother, he denied he "ever had any homosexual relations with this Defendant." On rebuttal, the state produced a witness who testified that at some time near the date of the charged offense he had seen the victim's brother and defendant "playing with each other . . . . They was handling each other's penis."

Movant has cited no authority to support the initial segment of his point. We could, therefore, consider it waived or abandoned. *State v. Halliburton,* 531 S.W.2d 554, 556[5] (Mo.App.1975). Nevertheless, we will briefly consider the matter

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules, V.A.M.R.

2. By stipulation of the parties, the transcript of the criminal trial was included in the record for this appeal.

for we doubt that counsel's failure to request an alibi instruction even constituted an error of judgment. If the jury was to believe the alibi testimony, an alibi instruction was not an absolute necessity before it could do so. On the other hand, if the testimony was to be accorded no credence, emphasizing it by a specific instruction would only serve to accentuate the rebuttal testimony, supra, which would be morally offensive to most, if not all, of the jurors. Under the circumstances, trial counsel could have correctly concluded that the least said about the alibi testimony, the better it would be for the defendant.

■ Parts two and three of movant's point will be considered together. In substance they charge trial counsel with ineffectiveness for not having impeached the state's witness Simon. This is based on the assertions that Simon testified at the preliminary hearing he could not identify the perpetrator of the crime, whereas at trial Simon identified defendant as the culprit, and that trial counsel failed to show Simon had a motive to lie and cooperate with the state by revealing that his children were in the custody of the juvenile authorities. The principal difficulty with the allegations made by movant in these parts of his point is that they are factually incorrect. Simon did not identify movant at the criminal trial as the perpetrator of the crime. He testified he could not say with whom he had observed the minor female because "I only seen his clothes and his leg, that's all I could see." Simon further said that "I wouldn't swear" that the trousers worn by the man on the bed were the same trousers he later observed the movant wearing. With the record in this posture, there was no reason that defense counsel should have undertaken to impeach Simon's testimony or to show that he may have had a motive to lie.

■ The fourth segment of movant's point is: "Trial defense counsel failed to impeach Michael Kissinger, a crucial state's witness, and to discredit his testimony before the jury by showing his various arrests on various charges." It was stipulated in the 27.26 proceeding that Kissinger had been arrested on numerous charges, but no convictions were shown. It did not constitute ineffectiveness when counsel did not undertake impeachment of the witness by showing the arrests. "The record of arrests alone was not admissible to impeach or contradict the witness even by way of cross-examination. *State v. Sanders,* Mo.Sup., 360 S.W.2d 722, 725[4]; *State v. Menz,* 341 Mo. 74, 106 S.W.2d 440, 448[5, 6]." *Jones v. State,* 491 S.W.2d 233, 235[3] (Mo.1973).

■ The fifth section of movant's point is to the effect that trial counsel was ineffective because he failed to produce evidence of the minor female's incompetency. As pointed out in *State v. McClain,* supra, 541 S.W.2d at 355, trial counsel did produce the minor's natural mother who testified her daughter was "retarded" and "you can't believe what she tells you." However, mere retardation or adjudication of incompetency does not prevent a person from becoming a proper witness if he understands the nature of an oath and shows that he possesses mental capacity sufficient to observe, recollect and narrate the things he heard or saw [*Dennis v. Sears, Roebuck & Company,* 461 S.W.2d 325, 330[7] (Mo.App. 1970)], and children under ten years of age are incompetent to testify only if they "appear[ ] incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly." § 491.060(2). Movant suggests various sources which trial counsel could have employed to gain additional evidence of the child's retardation. But whether such evidence would have been sufficient to absolutely disqualify the child as a witness has not been demonstrated. A movant in a Rule 27.26 proceeding claiming ineffective assistance of counsel has the burden of establishing that ground for relief by a preponderance of the evidence. *Dove v. State,* 553 S.W.2d 554, 556[1] (Mo.App.1977). That burden is not met when a basic claim repos-

es in undemonstrated territories, particularly when the court that determined the motion specifically found that the additional testimony anent retardation, as here, would not have changed the court's ruling as to the child's competency as a witness.

The final portions of movant's point are: "6. Trial defense counsel failed to prepare and file a motion for new trial, and failed to take meaningful steps to preserve the defendant's right to an appeal by his failure to preserve errors at the trial by objection; 7. Trial defense counsel failed to advise the defendant of the right to, meaning of, and need for a motion for new trial; 8. Trial defense counsel failed to advise the defendant of the right to, and the significance of an appeal."

■ The second half of sub-point 6, supra, preserves nothing for appellate review. In what specifics trial defense counsel failed to preserve error by objecting can be ascertained, if at all, only by resorting to the argument portions of movant's brief. This we are not required to do. *State v. Redd,* 550 S.W.2d 604, 607[4] (Mo.App.1977). In reference to movant's complaint that his trial defense counsel did not file a motion for a new trial and did not explain the necessity thereof, we note again that the transcript on appeal in the criminal cause shows that the movant advised his attorney he did not want him to file such a motion and, furthermore, that the movant expressly told the trial court, when he appeared for allocution and sentencing, that he felt "the same way today." The failure of movant's trial counsel to file a motion for a new trial did not amount to ineffective assistance of counsel, particularly when the motion was not filed in compliance with movant's instruction. *White v. State,* 430 S.W.2d 144, 147[3] (Mo.1968). The complaint that trial defense counsel did not advise movant regarding an appeal seems moot when it is considered that an appeal was, in fact, permitted by special order under Rule 28.07 and that all allegations of error (save the issue of ineffective assistance of counsel herein now reviewed) were considered on their merits. *State v. McClain,* supra, 541 S.W.2d 351.

The judgment of the circuit court is affirmed.

All concur.