Lee Vernon WARREN, Appellant,

v.

STATE of Missouri, Respondent.

No. 40176.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 26, 1978.

Goller, Hedrick & Lake, P. C., John H. Lake, Jefferson City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Marion G. Eisen, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant entered a plea of guilty to a charge of murder in the First Degree on July 9, 1968 and was sentenced to life imprisonment. At the same time he was sentenced to two, concurrent, two year sentences on one count of Arson and two counts of Burglary in the First Degree. He has been in the custody of the Missouri Department of Corrections since that time.

On February 13, 1969, defendant filed a motion under Rule 27.26 to set aside the judgment and sentence. This motion was overruled on May 21, 1969 and affirmed on appeal 451 S.W.2d 30 (Mo.1970).

On August 20, 1970, defendant filed a second Rule 27.26 Motion which was dismissed without an evidentiary hearing. On appeal, 473 S.W.2d 427 (Mo.1971), the Court reversed the trial court's summary dismissal and ordered an evidentiary hearing on the second motion on the ground that the trial court made no finding that the grounds for relief in defendant's second motion were or could have been raised in his first motion as required by Rule 27.26(d).

On remand, defendant's Rule 27.26 Motion was again overruled after an evidentiary hearing. On appeal, 501 S.W.2d 173 (Mo.1973), the Court affirmed the denial of his Rule 27.26 Motion.

Not being content with three rulings of the Missouri Supreme Court, defendant filed a third Rule 27.26 Motion on March 11, 1976. This third motion was summarily overruled on June 3, 1976 without an evidentiary hearing and without appointment of counsel for defendant.

The only new grounds alleged in his third Rule 27.26 Motion were that "(a) The sheriff threatened my life several times, he went far enough to come back from the docket and pulled a pistol on me; and said he would shoot me dead if I wouldn't be quiet in the courtroom, and (b) The sheriff went even further in the courtroom by taking a seat behind me and harassed me into panicking and pleading guilty on a circumstantial case of Murder First Degree." His third motion does not state any reason why such new grounds could not have been raised in his prior motions.

The trial court specifically found that the new grounds could have been raised in defendant's prior motions, but were not, and that under the express terms of Rule 27.-26(d), defendant's third Rule 27.26 Motion should be summarily dismissed.

■ For the reason that the trial court made findings of fact and conclusions of law on all issues presented, and specifically found that the new grounds for relief in defendant's third Rule 27.26 Motion were or could have been raised in his first and second motions, we rule this point against the defendant. *Warren v. State, supra* and *Shields v. State,* 491 S.W.2d 6 (Mo.App. 1973).

■ Defendant's other POINTS RELIED ON was that "The Trial Court erred in dismissing Appellant's motion as Appellant's plea of guilty is on its face 'involuntary' and his subsequent conviction and sentence should have been set aside." Rule 84.04(d) provides, "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, . . . ." This rule is not satisfied by merely stating what the alleged error is claimed to be. The point must also state "wherein and why" the action or ruling of the trial court is claimed to be erroneous.

■ The appellate court has no duty to search out the argument portion of a brief to determine "wherein and why" the action or ruling of the trial court is erroneous. Nothing is preserved for review. *State v. McClain,* 541 S.W.2d 351 (Mo.App.1976) and *Adkins v. State,* 560 S.W.2d 67 (Mo.App. 1977).

■ In any event, defendant's allegation that his plea was a result of fear of the death penalty does not state a ground for relief. *Taylor v. State,* 539 S.W.2d 589 (Mo. App.1976). We reviewed the record for plain error under Rule 84.13(c) and find no manifest injustice or miscarriage of justice in ruling against the defendant on this point.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.