STATE of Missouri, Respondent,

v.

Zaharoula TSIBOUKAS, Appellant.

No. 10998.

Missouri Court of Appeals,
Southern District,
Division One.

July 5, 1979.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Richard L. Parker, Asst. Public Defender, Vienna, for appellant.

TITUS, Presiding Judge.

Having waived trial by jury, the female defendant was court-convicted of stealing over $50, a felony, from the Episcopal church of Rolla. The trial court denied defendant's new trial motion and sentenced her to imprisonment for a term of three years. Defendant appealed.

The evidence was that defendant filched Sunday's collections from the Episcopal rector's office and hied herself to a nearby Baptist church where she secreted some of the pilferage (checks and alms envelopes) in the toilet tank of a women's restroom. At the conclusion of the Baptist services, defendant was delivered to the Greyhound bus terminal via free vehicular accommodations provided by the Baptists and a female Baptist user of the same restroom found, upon flushing, that the toilet was given to overflow because the tank served as a depository of the checks and envelopes stolen from the Episcopalians. Apprised of the foregoing, Rolla police apprehended defendant at the Greyhound depot. When a policewoman thereafter undertook a "strip search" of defendant, the defendant "reached down the front of her dress and removed approximately $85" in cash which she was carrying in her "bra." At trial, defendant asseverated the money was hers, not stolen, and that she habitually employed the cleavage cache to thwart purse snatchers.

Defendant's lone point relied on upon appeal is: "The court erred in allowing the prosecutor to elicit details concerning a pri-

or conviction from defendant and in allowing the prosecutor to question the defendant concerning the details of a prior conviction for an offense committed in a church."

Rule 84.04(d)[1] mandatorily requires that a point relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed *and wherein and why they are claimed to be erroneous.*" (Emphasis supplied). This rule applies to criminal cases per the provisions of Rule 28.18 [*State v. McClain*, 541 S.W.2d 351, 354[2] (Mo.App.1976); *State v. Brown*, 535 S.W.2d 606[1] (Mo.App.1976); *State v. Yearwood*, 510 S.W.2d 43, 44 (Mo. App.1974)] and a point which cannot be comprehended without reference to the transcript on appeal or the argument portion of appellant's brief preserves nothing for review [*State v. Fields*, 538 S.W.2d 348, 349[1] (Mo.App.1976); *State v. Drake*, 514 S.W.2d 653, 655[2] (Mo.App.1974)] for an appellate court is not obliged to read the transcript or the other sections of the brief to ascertain the intendment of a point penned in an abstract or conclusionary fashion. *Dennis v. State*, 559 S.W.2d 84, 85[2] (Mo. App.1977); *State v. Hulsey*, 557 S.W.2d 715, 717[1] (Mo.App.1977). Albeit the point relied on in this instance undertakes, in a most general fashion, to state "wherein" the trial court erred, it nowhere attempts to demonstrate "why" it was error to permit the state to elicit specifics of a prior conviction and details relative to an offense committed in a church. The failure to say "why" this was error results in the point preserving nothing for review. *Riley v. State*, 545 S.W.2d 711, 712[2] (Mo.App. 1976); *State v. Johnson*, 539 S.W.2d 493, 519[64] (Mo.App.1976), cert. denied 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977); *State v. Orr*, 493 S.W.2d 374, 376–377[9] (Mo.App.1973); *State v. Robbins*, 455 S.W.2d 24, 26[1] (Mo.App.1970).

While defendant's lone point relied on has not been properly preserved or presented for appellate review, we will

1. References to rules are to Missouri Supreme Court Rules of Criminal and Civil Procedure, V.A.M.R. References to statutes are to RSMo 1969, V.A.M.S.

briefly consider it on its merits. The point concerns the following testimony of defendant who took the stand in her own defense.

*Direct Examination* : "Q Mrs. Tsiboukas, you have been convicted of several misdemeanors—A Yes. . . . Q Have you—you have been convicted of loud and abusive language; is that correct? A Yes, ma'am. Q And criminal trespass? A Yes. Q Have you ever been convicted of a felony? A Never."

*Cross-Examination* : "Q Mrs. Tsiboukas, you say you've been convicted of several misdemeanors. How many is 'several'? A Well . . . (ponders) . . . in August of 19— Q Just give me a number, if you would. . . . A I won't quote a number. I will just—if you want—Q Are there so many that you can't recall them all; is that the problem? A No, that's not the problem. Q Well, then, how many convictions have there been? A There haven't been any convictions other than one at Marathon County in Warsaw. Q What was that for? A That was for trespassing and I had gone to a Catholic Church and the door was open and I had knocked and rang the doorbell and the pastor himself—[Defendant's Counsel]: Your Honor, I object. I don't believe that—THE WITNESS—verified that the bell did ring—[Defendant's Counsel]: I don't believe a defendant has to explain circumstances of prior convictions to be impeached. THE COURT: Well, she said that she'd been convicted several times, and he asked her how many was that and he was trying to get the number. It's cross examination. Objection overruled. Q [by the prosecuting attorney] Okay. This criminal trespass conviction was for trespassing in a church; is that correct? A No, in the rectory to use the phone. Q How many convictions did you have? [Defendant's Counsel]: Your Honor, I object. Q [by the prosecuting attorney]: Can you just give me the number? Is it five? Ten? [A] I won't say. [Defendant's Counsel] Your Honor . . . Q [by the prosecuting attorney] What other convictions have you had besides trespass? A That, and in Menomonee, Wisconsin I had to pay a fine of $100.00. Q Please just answer my question.

How many convictions and what were they for? A Those are the two. Q Just two; is that what you're telling us? A That's right."

When a defendant testifies in his own behalf, § 491.050 confers upon the state the absolute right to show prior convictions of both misdemeanors and felonies and the nature thereof for the purpose of impeachment. *State v. Busby*, 486 S.W.2d 501, 503[1] (Mo.1972); *State v. Bagby*, 338 Mo. 951, 962, 93 S.W.2d 241, 247[5] (1936). Nevertheless, this right is limited in that the state should not be permitted to go into the details of the crimes leading to the prior convictions. *State v. Sullivan*, 553 S.W.2d 510, 515[7] (Mo.App.1977). However, a reading of defendant's cross-examination testimony, supra, reveals that the prosecutor's questions were simply designed to ascertain "how many convictions have there been" after defendant, on direct examination, admitted to having "been convicted of several misdemeanors." The prosecutor did not undertake to go into the details of any crime and what details that were revealed were of defendant's own making in an answer which was unresponsive to the questioning. It is axiomatic that a defendant may not take advantage of self-invited error or error of his own making. *State v. Harmon*, 243 S.W.2d 326, 328 (Mo.1951); *State v. Nenninger*, 354 Mo. 53, 59, 188 S.W.2d 56, 58[5] (1945). Moreover, when the prosecutor inquired if the "criminal trespass conviction was for trespassing in a church," defendant made no objection to the question. "The general rule requires an objection to preserve such alleged error." *State v. Greenhaw*, 553 S.W.2d 318, 323[3] (Mo.App.1977).

Judgment affirmed.

FLANIGAN, C. J., and GREENE, J., concur.