**Jimmy Lee JONES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 11351.

Missouri Court of Appeals,
Southern District,
Division One.

May 19, 1980.

**190**

David H. Jones, Fielder, Jones & Conklin, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Jerry L. Short, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Movant was jury-convicted of second degree murder in the Circuit Court of Greene County. The conviction was affirmed upon appeal. *State v. Jones*, 558 S.W.2d 286 (Mo.App.1977). This is an appeal from the trial court's denial, after evidentiary hear-ing, of movant's motion for post-conviction relief filed pursuant to Rule 27.26, V.A. M.R.[1]

The two points relied on by movant in this appeal (mislabeled "Points And Authorities") are: "I. The judgment of the trial court in denying movant-appellant's 27.26 motion is clearly erroneous in that the findings and conclusions that movant-appellant was represented by competent counsel is not supported by the evidence. II. The trial court was clearly erroneous in finding that movant-appellant was not prejudiced by the failure of trial counsel to call chemist Joe Carroll to testify during the trial."

■ Without resorting to the argument portion of the brief and the transcript on appeal, something we are not required to do [*Warren v. State*, 572 S.W.2d 874, 876[3] (Mo.App.1978); *McClain v. State*, 560 S.W.2d 894, 897[6] (Mo.App.1978); *Dennis v. State*, 559 S.W.2d 84, 85[2] (Mo.App. 1977)], we have no notion from reading the points relied on, as mandatorily required by Rules 30.06(d) and 84.04(d), "wherein and why" movant is asserting the court's finding that he was represented by competent counsel in the criminal trial "is not supported by the evidence" or "wherein and why" movant is claiming he was prejudiced by trial counsel's failure to call Joe Carroll as a witness. Nakedly stating in the points relied on that something is not supported by the evidence [*Gaye v. State*, 576 S.W.2d 554, 555[2] (Mo.App.1978); *State v. Brown*, 554 S.W.2d 574, 580[15] (Mo.App.1977); *State v. Halliburton*, 531 S.W.2d 554, 556[4] (Mo. App.1975)], or that counsel erred in failing to call a witness [*Ray v. State*, 532 S.W.2d 478, 480[1] (Mo.App.1975)], with nothing more, does not sate the rules nor preserve anything for appellate review. Simply stating in the points relied on what alleged errors are claimed to be, without asseverating "wherein and why" the court is claimed to have erred, leaves an appellant with points which this court is not required to consider. *Davis v. State*, 573 S.W.2d 736, 738[3] (Mo.App.1978).

1. References to rules are to Missouri Supreme Court Rules of Criminal and Civil Procedure, V.A.M.R.

Before dispatching this appeal for rule infractions, we briefly and in excess of duty consider the two points on their merits, bearing in mind that it was within the province of the trial court not to believe the movant's testimony at the Rule 27.26 hearing [*Taylor v. State*, 573 S.W.2d 463, 465 (Mo.App.1978)] and that we "are required to give due regard to the trial judge's opportunity to hear the witnesses and to defer to his determination of credibility unless it clearly and convincingly appears that he has abused his discretion." *Bennett v. State*, 549 S.W.2d 585, 586[2] (Mo.App.1977).

 In substance, movant's first contention of ineffective assistance of counsel at the criminal trial revolves around the fact that the lawyer withdrew his plea of not guilty by reason of mental disease or defect. The evidence at the Rule 27.26 hearing was that movant (then defendant) had been given a psychiatric examination and that the doctors who conducted the examination reported in writing that movant was not suffering from a mental disease or disorder then or at the time of the crime's commission. Contrary to movant's testimony (he was the only witness on his behalf at the Rule 27.26 hearing), his criminal trial counsel testified that he had talked with movant (then defendant) several times regarding the negative report of the examining doctors and that it was mutually agreed the defense should be withdrawn. Albeit that movant testified he was unaware the plea was being withdrawn, the transcript of the criminal trial shows that movant was present in court when this was done. At trial on the Rule 27.26 motion, movant did not once undertake to assert or prove that he was suffering from a mental disease or defect at the time the crime was committed or at the time of the trial on the criminal charge. Once movant (then defendant) had been afforded a mental examination, which showed him competent at the time of crime-commission and competent to stand trial, the failure of counsel at the criminal trial to pursue this avenue of defense "was not dereliction of duty where the evidence on the question was persuasive that movant was competent to proceed. *Davis v. State*,

517 S.W.2d 97 (Mo.1974)." *Trice v. State*, 540 S.W.2d 613, 615[6] (Mo.App.1976).

 As to movant's second point relied on that criminal-trial counsel's services were ineffective for failure to produce chemist Joe Carroll as a defense witness, it suffices to say that at the Rule 27.26 hearing there was not a shred of evidence that Carroll's testimony would have provided a defense or even a link to any defense. This more than justified the trial court's denial of this point. *Charles v. State*, 570 S.W.2d 700, 702[3] (Mo.App.1978).

For the reasons previously stated, the appeal herein is dismissed and the cause is stricken from this court's docket for oral argument.

All concur, except GREENE, J., recused.