David O'NEIL, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 57595.

Supreme Court of Missouri, Division No. 2.

Dec. 10, 1973.

Charles T. Smallwood, Rolla, for appellant.

John C. Danforth, Atty. Gen., Daniel Parker Card, II, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

David O'Neil, Jr. entered a plea of guilty to operating a confidence game in violation of § 561.450 RSMo 1969, V.A.M.S., and was sentenced to imprisonment for a term of five years. He thereafter filed a motion pursuant to Rules 27.25 and 27.26 V.A.M.R. to set aside the judgment and sentence and to be permitted to withdraw his plea of guilty. By notice filed prior to January 1, 1972, he has appealed from the judgment overruling his motion. We affirm.

In his motion appellant alleged that his plea of guilty was involuntary and that he was denied effective assistance of counsel. By his points in his brief he asserts the trial court erred in ruling against him as to each contention because "such finding was against the weight of the evidence." Strictly speaking, these points present nothing for appellate review because this court does not weigh the evidence, but in its review it is limited to the determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Evans v. State, 477 S.W.2d 94 (Mo.1972); Mace v. State, 452 S.W.2d 130 (Mo.1970). However, we shall

examine each contention and rule the issue within our scope of review.

The transcript of the record made at the time appellant entered his plea of guilty shows that he appeared in court with counsel and waived formal arraignment. In response to questions by the court appellant stated that his counsel had explained to him the charge, and had also advised him that he was entitled to a jury trial at which, if found guilty, the jury would determine the punishment. He acknowledged that his counsel had explained to him the range of permissible punishment, and he stated that no threats or promises had been made which would cause him to want to plead guilty, and that he had not been persuaded to plead guilty against his will, but that he was pleading guilty to the charge because "I'm guilty,".

At the hearing on the motion appellant testified that after he was arrested he talked to the prosecuting attorney who told him that "it would be best" to plead guilty because he was a Negro and he "wouldn't be able to have a fair trial" in that county. He further stated that the prosecutor told him that if he made bond on the pending charge additional charges would be filed against him, and as a result of this he "couldn't think of any other way but to plead guilty," and he "didn't feel as though [he] had any other choice." He further testified that he did not discuss his case with his counsel, and that there was no discussion with counsel concerning his "chances at trial."

Appellant's mother testified that she talked to the prosecuting attorney and was told by him that he had never lost a case in that county involving a Negro, and that appellant could not have a fair trial. However, after talking to the prosecuting attorney she did not again talk to appellant, and she did not tell appellant of her conversation with the prosecutor. Lawrence Wells, a friend of appellant, testified substantially the same as appellant's mother, but he stated that at the time he talked

to the prosecutor, appellant had already decided to plead guilty.

The prosecuting attorney testified that he explained the charges to appellant, and that although the "race question" was brought up, he "did not state things in the way which it's been couched and inferred to me saying." There was no further elaboration on this issue.

Appellant's attorney testified that he conferred with appellant and also with a person by the name of Porter, who was charged with appellant, and that "they knew what they wanted to do before I started talking to them." He also stated that as a result of his conversations with appellant and the prosecutor "we came to an agreement, made a bargain and carried it out." He also testified that he questioned appellant concerning his education and determined that he was intelligent and that he "knew what he was doing."

The trial court, in its findings of facts and conclusions of law, reviewed the record of what occurred at the time the plea of guilty was entered and also the testimony at the hearing on the motion, and held that appellant's plea of guilty was voluntarily made, and that he was not denied effective assistance of counsel.

"[I]n order for a Sixth Amendment assertion of denial of effective assistance of counsel to lie, the attendant circumstances must be such that counsel must demonstrate a 'deliberate abdication of [his] ethical duty to his client.' There must be 'such conscious conduct as to render pretextual an attorney's legal obligation to fairly represent the defendant.'" Redus v. Swenson, 468 F.2d 606, 607 [1], [2] (8th Cir. 1972). "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

The trial court pointed out in its findings that appellant's counsel had "a background of extensive practice in the defense of criminal cases," and appellant points to nothing that his counsel did or did not do which constituted a deliberate abdication of his duty to appellant as his client. The only contention, according to appellant, is that he did not waive a preliminary hearing, that none was had, and therefore he did not have counsel at this "critical stage." His counsel testified that the preliminary hearing was waived, but in any event, the subsequent plea of guilty, if otherwise proper, eliminates this issue from consideration. Tollett v. Henderson, supra. We find no basis for the contention that appellant was deprived of effective assistance of counsel, and the trial court's finding on this issue is not clearly erroneous.

Appellant's only argument in support of his contention that his plea of guilty was involuntarily made is that he was advised by the prosecutor that he could not have a fair trial in that county because he was a Negro. However, after consulting with his counsel he appeared before the trial court and admitted his guilt of the charge against him, and affirmatively stated that there had been no threats or promises made to him, and that he had not been persuaded to plead guilty against his will. In addition, when questioned by the court before entering his plea he made no mention of this matter.

This case presents the issue of whether the trial court should believe appellant's testimony at the hearing on the motion, mostly in the form of conclusions, or whether it was entitled to evaluate the whole of the testimony at the hearing, and the record of what occurred at the time the plea of guilty was entered, and conclude that the plea was voluntarily made. Clearly the court could do the latter, State v. Mountjoy, 420 S.W.2d 316 (Mo.1967); Drew v. State, 436 S.W.2d 727 (Mo.1969), and its findings and conclusions on this issue are not clearly erroneous.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.