Charles Patrick DILL, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 27411.

Missouri Court of Appeals,
Kansas City District.

June 2, 1975.

Motion for Rehearing and/or Transfer Denied July 7, 1975.

Willard B. Bunch, Public Defender, James W. Fletcher, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Charles Patrick Dill withdrew his plea of not guilty to burglary second degree and stealing, and entered a plea of guilty prior to the beginning of trial. He was thereafter sentenced to five years confinement for the burglary and three years for stealing, with such sentences to run consecutively.

Appellant now appeals from the refusal of the circuit court to allow him to withdraw his plea of guilty and to set aside the judgment and sentence as requested in his motion under Rule 27.26, V.A.M.R.

In addition to the transcript of the evidentiary hearing conducted by the court on appellant's motion, the parties stipulated that the transcript of the hearing at which the guilty plea was entered would be considered in ruling on appellant's motion. In his motion appellant alleged that his plea of guilty had not been entered knowingly, intelligently and voluntarily; that the court had failed to comply with the requirements of Rule 25.04 in accepting his guilty plea; and at the time he entered his guilty plea he was under the influence of drugs and he was, therefore, unable to voluntarily enter a plea of guilty.

On this appeal, appellant urges that his guilty plea was not made voluntarily and with understanding of the nature of the charges or the consequences of the plea. He further contends he was under the influence of narcotics at the time he entered his plea.

At the evidentiary hearing, the appellant testified that he had "shot" drugs on the night prior to his appearance in court and in fact "shot" again immediately prior to entering the courtroom. He denied being able to remember anything of the proceedings except for the fact he had appeared in court. Appellant also called as a witness Richard Beitling, one of the two attorneys who appeared with appellant on the morning he entered his plea of guilty. Mr. Beitling testified he knew appellant was a user of narcotics and testified that on the morning of the court appearance the appellant appeared the same to him as he had on each of the other occasions when he had seen him. He described his condition as being, in his opinion, similar to that of a person who had been using narcotics. However, Mr. Beitling would not give his opinion that appellant was under the influence of narcotics at the time the plea was entered. The State called Charles Gallipeau, the other attorney who appeared with appellant at the guilty plea. Mr. Gallipeau stated in his opinion appellant did understand what the proceedings were and did voluntarily enter a plea of guilty.

■ The transcript of the proceedings at the time the plea of guilty was given and accepted by the court shows a very extensive examination of both the appellant and his two attorneys by the court to make sure all parties fully understood the fact a guilty plea was being entered and the full consequences thereof. This transcript reveals the court inquired of appellant if he were under the influence of any medications or drugs, and the appellant replied he was not. At the same time, the court verified with Mr. Gallipeau and Mr. Beitling that each of them was ready to proceed to trial at that very time if the appellant desired a trial.

The transcript of the guilty plea shows the court fully complied with Rule 25.04 by an inquiry which coincided with the one described in *Moore v. State,* 488 S.W.2d 266, 269[1, 2] (Mo.App.1972):

"On the record, the judicial inquiry ranged methodically over the movant's physical and mental conditions, his comprehension of the consequences of his proffered plea, the range of punishment to which the plea would subject him, his right to trial by jury, the availability of his counsel for advice, and the factual basis for the charges and his acknowledgement of their criminal commission."

The trial court, at the conclusion of the hearing on the 27.26 motion, made findings of fact and conclusions of law in which the court concluded there was no factual basis for the allegation the plaintiff's plea was involuntarily entered in view of the record made at the time the plea was received and accepted. The court found the appellant had not met his burden of proof by proving by a preponderance of the evidence that manifest injustice had resulted from the acceptance of his guilty plea. The court further found that defendant's ability to enter a voluntary plea of guilty was not impaired by any drug usage and found that such plea had been made freely, voluntarily and with full understanding of the consequences thereof.

■ The review on this appeal of the denial of appellant's motion under Rule 27.-26 is limited to a determination of whether the findings, conclusions and judgment of the trial court were clearly erroneous. Rule 27.26(j); *O'Neil v. State,* 502 S.W.2d 342 (Mo.1973). Here the judgment of the court is not clearly erroneous and for that reason the judgment must be affirmed.

All concur.