**Dennis E. HESS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 27823.**

Missouri Court of Appeals, Kansas City District.

Dec. 31, 1975.

Gerald Kiser, Public Defender, Liberty, for appellant.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

Dennis Hess appeals the refusal of the court to set aside his pleas of guilty and the judgment entered thereon as requested by his motion filed under Rule 27.26.

Hess had entered a plea of guilty to two charges of feloniously and knowingly selling marijuana. These pleas followed an agreement between Hess, his attorney, and the prosecuting attorney by which a third charge of feloniously selling marijuana was dismissed.

The court held an evidentiary hearing on Hess's 27.26 motion. Hess based his claim of relief on the grounds his pleas were not voluntarily and knowingly entered because they were induced by promises that he would receive probation. He made the further assertion his counsel was ineffective because of his failure to respond to statements made by the court at the time probation was denied. He further asserts he is entitled to relief because the court denied him probation.

The evidence at the hearing on the 27.26 motion revealed that Hess was represented by Robert G. Duncan. Mr. Duncan testified he consulted with Hess a number of times about the three charges pending against him and about the pros and cons of Hess going to trial on all three charges of selling. Mr. Duncan stated there were not many pros and all of the relevant factors indicated the best hope for Hess was to enter a plea on two charges, have a third dismissed, and hope the judge would grant probation. Neither Mr. Duncan nor his partner Mr. Russell testified to any promise of probation they made to Hess.

Hess, in his testimony, did not state that any one had promised him probation, but

stated he had been "led to believe" he would receive probation.

The transcript of the proceedings in which Hess entered his pleas of guilty was admitted in evidence at the hearing on this motion. This transcript shows the trial judge who took the pleas of guilty fully complied with Rule 25.04. The record shows the judge covered Hess's physical and mental conditions, his comprehension of the consequences of the pleas, the range of punishment, his right to trial by jury, the availability of counsel, and the factual basis for the charges and his acknowledgment of his commission of these crimes. See *Dill v. State*, 525 S.W.2d 437 (Mo.App.1975). This record further shows the judge inquired of Hess if any threats, promises or inducements had been made to get him to enter pleas of guilty and Hess denied it. The court informed Hess the range of punishment was from five years to life and he acknowledged understanding this and again denied the existence of any promises or inducements for his pleas of guilty. The court further asked Hess specifically if anyone had indicated to him that if he entered pleas of guilty the judge would grant parole and Hess stated they had not. The court thereupon informed Hess that in all probability he would not grant parole or probation. After this the court again inquired of Hess if he was entering pleas of guilty and Hess replied he was.

■ On this appeal Hess claims the finding and judgment of the court in overruling his motion is clearly erroneous because the evidence showed that his pleas had not been voluntarily made and in fact such pleas were only entered because of the promises by his attorney that he would receive probation.

■ The review on this appeal is limited to a determination of whether the findings, conclusions and judgment of the trial court were clearly erroneous. *Dill v. State, supra.*

As shown above, the judgment of the court was supported by not only the prepon-

derance of the evidence but all of the evidence. Resting as it does on such a firm foundation, finding that the guilty pleas were voluntarily and knowingly made cannot be termed to be clearly erroneous and must, therefore, be affirmed.

Hess further claims to be entitled to relief on the ground the court should have given him probation instead of a fifteen year sentence on each charge to run concurrently.

■ It is not possible to reach this question because "matters relating to the legality of orders pertaining to probation and parole do not come within the purview and scope of a proceeding under Rule 27.26, which provides a remedy for a prisoner who desires to attack the sentence as such." *Smith v. State*, 517 S.W.2d 148, 150 (Mo. 1974).

■ Hess's final claim for relief is based on his allegation that he was denied effective assistance of counsel because his attorney failed to respond when the judge allegedly made statements outside the record and beyond the information contained in the presentence report at the time he denied probation. During the hearing at which the guilty pleas were entered and again at the sentencing some four months later, Hess expressed satisfaction with the services of his attorneys. It is likewise impossible to reach this contention. "The courts of this state have held that once a guilty plea has been entered the determination of the adequacy of representation is material only to the extent the incompetency of counsel bears on the issue of voluntariness and understanding." *State v. Garrett*, 510 S.W.2d 203, 206[4–7] (Mo.App.1974).

For the above reasons, the judgment is affirmed.

All concur.