**Brian Ralph DENNIS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 10523.**

Missouri Court of Appeals,
Springfield District.

Nov. 16, 1977.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

On July 3, 1973, movant (then defendant) pleaded guilty to robbery in the first degree. The plea was accepted following inquiry into its voluntariness and after establishing its factual basis. The court imposed a 20-year sentence and gave movant credit for the time he had spent in custody on the charge before pleading guilty. On April 2, 1976, movant filed a motion pursuant to Rule 27.26, V.A.M.R., to vacate, set aside or correct the judgment and sentence. After evidentiary hearing, the motion was denied with the exception that movant was allowed credit for an additional 128 days spent in custody on matters other than the robbery charge.

In haec verba, the single point relied on is that "The trial court erred in finding that movant voluntarily entered his plea of guilty." This presents nothing for appellate review because, contrary to the mandatory language of Rule 84.04(d), V.A. M.R., the point does not undertake to say "why" it was error to find that movant voluntarily pleaded guilty. *Riley v. State,* 545 S.W.2d 711, 712[2] (Mo.App.1976); *Anderson v. State,* 493 S.W.2d 681, 684–685[7] (Mo.App.1973). Appellate courts have no duty to seek through the transcript on appeal nor seine the argument portion of the brief to ascertain the intendment of a point presented in an abstract and conclusionary fashion. *State v. Velas,* 537 S.W.2d 881, 883[3] (Mo.App.1976); *State v. Freeman,* 489 S.W.2d 749, 752[2] (Mo.App.1973). At this juncture the appeal should be summarily dismissed. *State v. Yearwood,* 510 S.W.2d 43, 44 (Mo.App.1974).

However, before dismissing the appeal and in excess of our appellate duty, we make the following brief observations. At the evidentiary hearing, one thrust of movant's testimony was that his counsel

Byron D. Luber, Ward & Reeves, Caruthersville, for movant-appellant.

had not represented him properly because the attorney made no efforts other than plea bargaining on the length of sentence, had talked to movant only on three or four abbreviated occasions and had not advised movant that he had a right to a trial. To the contrary, the lawyer who represented movant on the criminal charge testified he had represented movant at the preliminary hearing, personally interviewed the victim of the robbery and other witnesses, spent considerable time with movant on several occasions explaining the situation in depth and advised movant of his right to a trial if he desired one. As movant himself testified, the attorney's plea bargaining efforts reduced the recommendation by the prosecutor from 35 years to the 20 years finally imposed by the sentencing court. The transcript of the plea proceeding reveals that the court inquired of movant if he was aware of his right to have a trial and that movant acknowledged his counsel had advised him of that right. A movant seeking to vacate a judgment and sentence on the ground of ineffective counsel has a heavy burden to carry [*Hall v. State*, 496 S.W.2d 300, 303[2] (Mo.App.1973)], and the adequacy of representation, when a guilty plea has been entered, is material only to the extent the alleged incompetency of counsel bears on the issue of voluntariness and understanding. *Hess v. State*, 531 S.W.2d 774, 776[4] (Mo.App.1975). The trial judge's determination of the credibility of witnesses is entitled to deference [*Hicks v. State*, 544 S.W.2d 79[2] (Mo.App.1976)], and in view of counsel's testimony and the transcript of the plea proceeding, we cannot say his finding that movant had effective assistance of counsel when he pleaded guilty was clearly erroneous. Rule 27.26(j), V.A.M.R.

In his motion movant alleged, *inter alia*, that his plea was involuntary because he "had been threatened by the lawyer, and deputy sheriff and indirectly by the judge who had informed movant through the deputy sheriff that he would give movant life if he did not plead guilty [and] movant believed in his mind that if he did not . . . plead guilty that he would make the judge mad, lawyer and prosecutor mad

and that they would make sure that he received a life sentence." The motion further averred that "movant believed in his mind that the lawyer, judge and deputy sheriff were working in collusion against him and that he had better enter a plea of guilty to escape a far worse fate than twenty (20) years."

At the evidentiary hearing, movant adduced absolutely no evidence of threats, collusion or anything that would tend to prove the allegations and averments, supra. Allegations made in the motion are not self-proving [*Ward v. State*, 451 S.W.2d 79, 81[1] (Mo.1970)], and the only reason they are mentioned here is that they were alluded to in movant's brief on appeal. The closest reference to any of the above noted averments was movant's testimony that he once asked a deputy sheriff about his case, and the deputy had replied, "If you don't plead guilty they are going to give you life." However, when the deputy was called as movant's witness, he said he had no recollection of any such conversation, that he "had no way of knowing what the case was [or] anything what was going to happen . . . in court," and that it was not his "practice to ever tell a prisoner what [he] think[s] he will get." Of course, the standard of what movant actually "believed in his mind" is, of necessity, subjective, but the state of a person's mind is determined on the basis of what he reasonably could have believed from the proven facts and circumstances. *Barylski v. State*, 473 S.W.2d 399, 401 (Mo.1971). A court cannot accept at face value what a movant said he "believed in his mind." If it appears wholly unreasonable for him to entertain such a belief, his assertion will be viewed with extreme suspicion. *State v. Rose*, 440 S.W.2d 441, 445 (Mo.1969).

For the reasons previously stated, the appeal is dismissed.

All concur.