**Arlester SCOTT, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 30804.**

Missouri Court of Appeals,
Western District.

Feb. 4, 1980.

As Modified on Court's Own Motion
Feb. 28, 1980.

Motion for Rehearing and/or Transfer
Denied March 3, 1980.

Application to Transfer Denied April
8, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner & Kevin Locke, Asst. Public Defenders, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Jerry L. Short, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

Movant sought post-conviction relief pursuant to Rule 27.26. An evidentiary hearing was conducted and judgment denying relief was entered. The judgment is affirmed.

On February 20, 1973, movant, following trial by the court, was found guilty of possession of a controlled substance (heroin) in violation of § 195.020, RSMo 1969. Movant was sentenced to five years in the Department of Corrections.[1]

Movant filed his motion pro se March 14, 1978. An amended motion by counsel was filed December 29, 1978. An evidentiary hearing was held January 26, 1979. This hearing supported a memorandum opinion conclusive of findings of facts and conclusions of law, all of which met and satisfied the rule of *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978).

■ On this appeal, error is alleged in the trial court's finding that trial counsel adequately investigated the amount of money on the person of movant at the time of his arrest, because documentary evidence existed prior to and at the time of trial which would have improved movant's trial position, and the absence of proper or adequate investigation resulted in prejudice to the movant.

One arresting officer testified that at the time of arrest, movant had on his person $150.00. Movant advised his counsel this was not true, and stated he had only $5.00 and some change. During the course of trial, when this was brought to trial counsel's attention, he thoroughly cross-examined the police officer. By reason of the cross-examination, the officer advised the court he could not secure a copy of the receipt because all receipts were destroyed if the issuance dates on them were more than two months old. The record of the 27.26 hearing shows trial counsel made a direct effort to secure a copy of the receipt, but that his efforts "met a stone wall." Movant later secured a copy of the receipt, and alleged failure to secure the receipt by his counsel amounted to ineffective assistance of counsel.

The record reveals that reference to, the attempted securing of and the possible use of the property receipt arose because of the direct testimony of a police officer witness for the state. The examination and potential use of such a property receipt, as related to the particular facts of this case, shows such examination and possible use of the receipt to be upon a purely collateral issue. The examination and possible use of the receipt was to impeach the officer's testimony on a collateral issue.

The record reveals that movant, along with a codefendant, was found guilty of possession of heroin upon evidence sufficient enough to sustain that conviction independent of any reference to the sum of money in the possession of either movant or his codefendant. Indeed, both movant and

---

1. For purposes of explaining the difference in time as it relates to the date of sentence and movant's motion under Rule 27.26, the record shows the lapse of time between sentencing and actual incarceration was due to the filing of an appeal (subsequently dismissed) and movant's involvement with federal authorities.

his codefendant received the same punishment, and the matter of the money in the possession of either never entered into the testimony involving the evidence against the codefendant. The trial court gave no import to and was not persuaded by this evidence.

■ To review an adverse ruling from a motion filed pursuant to Rule 27.26 is to determine whether the findings of fact, conclusions of law, orders and the judgment entered by the trial court were clearly erroneous, see *Taylor v. State*, 585 S.W.2d 260 (Mo.App.1979); *Noble v. State*, 552 S.W.2d 267 (Mo.App.1977); *O'Neil v. State*, 502 S.W.2d 342 (Mo.1973); *Williams v. State*, 566 S.W.2d 241 (Mo.App.1978).

■ The burden to establish ineffective assistance of counsel rests with movant. That burden must be proven by evidence and not by mere subjective conclusions of the movant. That burden includes the failure of counsel which prejudiced movant's right to a fair trial. In *Cole v. State*, 553 S.W.2d 877 (Mo.App.1977), it was held that such failure should be tantamount to a miscarriage of justice. See also *Sims v. State*, 496 S.W.2d 815 (Mo.1973) and *Barker v. State*, 505 S.W.2d 448 (Mo.App.1974). That failure by counsel must prejudice the defense, see *Walker v. State*, 567 S.W.2d 398 (Mo.App.1978) and *Haynes v. State*, 534 S.W.2d 552 (Mo.App.1976).

The current standard to be applied in the given circumstances of each particular case, relative to determining if an accused was denied effective assistance of counsel, was set forth in *Seales v. State*, 580 S.W.2d 733 (Mo.banc 1979). That standard is:

" 'The accepted standard for effectiveness of trial counsel is now established as that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances. *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). Furthermore, there is a presumption that counsel is competent, *Thomas v. Wyrick*, 535 F.2d 407, 413 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976), and the petitioner must shoulder a heavy burden to override 'this presumption. *Id.*; *Crismon v. United States*, 510 F.2d 356, 358 (8th Cir. 1975); *McQueen v. Swenson (McQueen I)*, 498 F.2d 207, 214 (8th Cir. 1974). Finally, the exercise of reasonable judgment, even when hindsight reveals a mistake in that judgment, does not render a lawyer negligent or lacking in competence in rendering his services.' "

Trial counsel herein, upon learning through the personal and private denial of movant that the officer was allegedly lying about the amount of money movant had on his person at the time of arrest, proceeded to thoroughly cross-examine the officer witness. Counsel effected an inquiry during the trial recess about the existence of the property receipt. The record further reveals counsel independently attempted, on his own, to secure the property receipt.

■ The determination of the question of whether trial counsel, in this case, was ineffective or not does not turn upon his success or failure to secure a copy or the original of the property receipt, as contended by movant. Rather, the question is determined by what the evidence showed counsel did or failed to do to result in his failure to meet the standard for effective assistance of counsel and if that act or failure hindered movant from receiving a fair trial.

Whether the standard under *Seales v. State*, *supra*, or the authority preceding that standard can be applied herein, the evidence reveals that movant failed to carry his burden of proof upon the allegation of ineffective assistance of counsel, and that this resulted in the prejudice of movant's right to a fair trial.

The evidence reveals that when the alleged discrepancy in the sum of money on movant's person at the time of his arrest was brought to trial counsel's attention, trial counsel employed his skills to thoroughly cross-examine the police officer; secured a trial recess inquiry about the whereabouts of the receipt and employed

independent efforts to secure the original or a copy of the receipt.

There is no evidence that trial counsel failed to act promptly and directly upon the matter, and there is no evidence to show that failure to secure a copy or the original of the property receipt prejudiced movant's right, in any manner, to a fair and impartial trial upon the offense of possession of heroin.

There was no error in the judgment of the trial court. The judgment, for the reasons set forth herein, is in all respects affirmed.

All concur.