James A. TRIVITT, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12068.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 20, 1981.

Philip W. Richardson, William C. Myers, Jr. & Associates, P. C., Webb City, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kirk Lohman, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Appellant James A. Trivitt filed a Rule 27.26, V.A.M.R, motion to vacate judgment

and sentence, seeking relief from a 10-year sentence imposed for unlawful possession of a controlled substance.[1] The trial court conducted an evidentiary hearing and made and entered findings of fact and conclusions of law and denied the motion. We affirm.

Appellant's motion alleged ineffective assistance of counsel by his trial attorney. Some twenty-four purported derelictions by the public defender were asserted by appellant in support of his contention. At the hearing the two public defenders who had represented appellant testified, as did appellant, his wife, a trial witness, and a trial juror. The trial court laboriously considered and rejected each of the allegations in his lengthy findings and conclusions.

Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j), V.A.M.R.; *Bryant v. State*, 608 S.W.2d 101 (Mo.App.1980). We have reviewed the trial transcript as well as the evidentiary hearing transcript in light of the findings and conclusions and judgment of the court and conclude they are not clearly erroneous. Alleged trial errors, which are reviewable on direct appeal, and second-guessing of trial strategy employed by an attorney do not give rise to ineffective assistance of counsel. From the trial court's memorandum it is clear that appellant failed to carry his burden of proof that his trial attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have performed under similar circumstances and as a result of such failure appellant was prejudiced. *Scott v. State*, 595 S.W.2d 390 (Mo.App. 1980).

The judgment is affirmed.

PREWITT, P. J., and HOGAN, J., concur.

MAUS, C. J., not participating.

**1.** Judgment was affirmed in *State v. Trivitt*, 553 S.W.2d 502 (Mo.App.1977.)