**412**

was denied procedural due process under the Fourteenth Amendment of the United States Constitution. The hospital argues that no state action occurred. Even if the hospital's action was state action, the doctor was afforded ample procedural rights to satisfy any constitutional requirements. *See Klinge v. Lutheran Charities Ass'n. of St. Louis,* 523 F.2d 56, 61 (8th Cir.1975).

We hold that Dr. Willman was afforded the procedures provided for in the corporate and the medical staff bylaws and that the only deviation from those bylaws was of no consequence. Accordingly, we reverse the judgment of the circuit court and remand the case to the trial court and direct the court to quash its peremptory writ of mandamus issued herein on December 27, 1983.

All concur.

James Stewart McKay, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Appeal from summary denial of a Rule 27.26 motion.

In 1976 a jury found movant-defendant Wendell W. Wright guilty of felonious assault and robbery. The trial court sentenced him as a prior felon to consecutive prison terms of thirty-five years and life. He appealed and the judgment was affirmed. See *State v. Wright,* 551 S.W.2d 884 (Mo.App.1977).

In his amended Rule 27.26 motion defendant contends trial counsel was ineffective in (A) waiving a preliminary hearing, (B) failing to move to suppress a photo line-up identification, and failing to preserve the issue in the motion for new trial, and (C) failing to timely move to suppress testimony about a shotgun found near the crime scene.

In summarily denying defendant's motion, the court filed findings on

**Wendell Wayne WRIGHT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 48574.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Nov. 7, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Application to Transfer Denied
Feb. 26, 1985.

 

each of the above points. It ruled that matters pertaining to preliminary hearing are not cognizable under Rule 27.26, and that movant's other points were matters of trial strategy not reviewable under Rule 27.26. We agree.

As ruled in *Trivitt v. State*, 621 S.W.2d 103 (Mo.App.1981), citing Rule 27.26(j), our review is to decide whether the trial court's judgment was clearly erroneous, and "alleged trial errors, which are reviewable on direct appeal, and second-guessing of trial strategy employed by an attorney do not give rise to ineffective assistance of counsel." See also *Gentile v. State*, 637 S.W.2d 30 [4, 5] (Mo.App.1982).

We conclude the trial court did not err in denying defendant's Rule 27.26 motion.

Affirmed.

REINHARD, C.J., and CRIST, J., concur.

**Charles E. ANDERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 35754.**

Missouri Court of Appeals,
Western District.

Nov. 13, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 26, 1984.

Application to Transfer Denied Feb. 26, 1985.

C.J. Larkin, Columbia, J. Armin Rust, Lexington, for appellant.

John Ashcroft, Atty. Gen., Thomas Carter, II, Jefferson City, for respondent.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

PER CURIAM.

Appeal from denial of Rule 27.26 motion to vacate conviction for stealing in connection with a burglary, Section 560.110, RSMo 1969 and sentence of four years imprisonment.

Judgment affirmed. Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**John Lee GIBSON, Appellant.**

**No. 47018.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 20, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 1985.

Application to Transfer Denied Feb. 26, 1985.

