Byron D. BRITTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41019.

Missouri Court of Appeals, Western District.

July 3, 1989.

Robert G. Duncan, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Byron Britton appeals from the order of the trial court denying his motion pursuant to Rule 27.26 (now repealed) following an evidentiary hearing. Following a jury trial, Britton was convicted of forcible rape, forcible sodomy, first degree burglary and two counts of first degree robbery for which he received a total of 95 years' imprisonment. Britton's convictions were upheld on direct appeal in *State v. Britton*, 647 S.W.2d 155 (Mo.App.1982).

Britton's 27.26 motion was filed May 16, 1988, and entitled "Second Amended Motion to Vacate Sentence". In this motion Britton alleged as one ground for relief that he had received ineffective assistance of counsel by the attorney who represented

him at the time of his scheduled preliminary hearing. Britton alleged that the attorney, a Mr. John Frankum, advised him to waive his preliminary hearing even though Ms. Meyer, one of the victims, had been unable to recognize Britton as one of her assailants. Britton argued that if the preliminary hearing had not been waived he would have been discharged by the court because the only evidence identifying him as the guilty person was Meyer's identification.

Britton's preliminary hearing was scheduled for April 28, 1981, in the Associate Circuit Court of Jackson County. Britton, who was free on bond at that time, was present on the scheduled date for the hearing. He initially sat down in the hallway next to Ms. Meyer. Mr. Frankum came over and asked Britton if he knew who he was sitting next to and Britton replied "no". Mr. Frankum then told Britton that he should waive his preliminary hearing so that he would be able to stay out on bond.

Britton signed the preliminary hearing waiver document and later, at Mr. Frankum's direction, entered the courtroom and sat down. Mr. Frankum asked Ms. Meyer if she could see the defendant in the courtroom. Meyer looked around the courtroom, looked at Britton, but gave no indication that she had recognized Britton. Mr. Frankum later told Britton that Meyer was unable to identify him.

During the original trial, Charles LeCamp, Ms. Meyer's husband and also a victim, testified that he was unable to make an identification of Britton. Ms. Meyer said that she was only 75 percent sure of her identification of Britton.

Mr. Frankum also testified for Britton during the criminal trial. Britton's trial counsel was a Mr. Joseph S. Colantuono and Mr. James L. Lyons. Frankum testified that he had attended what was scheduled to be Britton's preliminary hearing and that he specifically asked Ms. Meyer if Britton was in the courtroom. According to Frankum, Ms. Meyer looked around the courtroom but was unable to identify Britton.

On August 25, 1988, the motion court entered an order, together with findings of fact and conclusions of law, denying Britton's motion. In its findings and conclusions the motion court noted that Britton's attorney, Frankum, learned that the female victim could not identify Britton after Britton had waived the preliminary hearing. The court further noted that Frankum had testified at Britton's trial concerning Meyer's inability to identify Britton at the time of the scheduled preliminary hearing. Also, the court observed that Britton's co-defendant, a Rodney James, had identified Britton at trial as a participant in the crimes.

In its Conclusions of Law, the motion court ruled that matters pertaining to preliminary hearings and matters of trial strategy are not reviewable in a Rule 27.26 proceeding.

In his sole point on appeal Britton alleges that the motion court erred in denying him relief by finding that all issues pertaining to preliminary hearings are not cognizable under Rule 27.26. He also alleges that the trial court erred by failing to determine the issue raised in his motion to vacate sentence, that he had received ineffective assistance of counsel because his attorney advised him to waive preliminary hearing, thus enabling him to obtain testimony from the victim that she was unable to identify him.

Simply put, Britton proceeded to trial without objection. A preliminary hearing is a procedure which is waived if a defendant, as did Britton herein, proceeds to trial without objection. *See, State v. McBride*, 685 S.W.2d 953, 954 (Mo.App. 1985).

Furthermore, the motion court correctly found that issues pertaining to preliminary hearings are not cognizable under Rule 27.26. In *Wright v. State*, 684 S.W.2d 412, 413 (Mo.App.1984), the appellant asserted, in an amended Rule 27.26 motion, that his trial counsel was ineffective in waiving the preliminary hearing. The court held the trial court correctly ruled that matters pertaining to preliminary hearings are not cognizable in a Rule

27.26 proceeding. *Id.* The court went on to state that under Rule 27.26(j) "our review is to decide whether the trial court's judgment was clearly erroneous, and 'alleged trial errors, which are reviewable on direct appeal, and second-guessing of trial strategy employed by an attorney do not give rise to ineffective assistance of counsel.'" *Id.* (Citations omitted).

Based upon the foregoing it cannot be said that the motion court was clearly erroneous in denying Britton's Rule 27.26 motion. The judgment is affirmed.

All concur.